## STATE vs. MARY TEAHAN.

A count in an information for selling intoxicating liquors contrary to law, that charges the defendant with "selling and exchanging" such liquors, is not bad for duplicity.

A count charging the keeping of "intoxicating liquors" with intent to sell contrary to law, is not bad for uncertainty in not stating the kind and quantity of the liquors more definitely.

The jury having found the defendant guilty on both counts, the court imposed a separate fine on each count.  Held to be no error.

The purchaser of liquor knowing it to be sold contrary to law is not to be regarded as aiding and abetting the crime and is not therefore crimina-

State *v.* Teahan.

ting himself in testifying to such sale, and his testimony is not to be regarded as that of an accomplice.

The statute (Gen. Statutes, p. 545, sec. 3,) which provides that "every person who shall assist, abet, counsel, cause, hire or command another to commit any offense, may be prosecuted and punished as if he were the principal offender," does not apply to the case of the purchaser of liquor sold contrary to law.

A written return made by the defendant to the United States internal revenue collector, declaring an intention to carry on the business of a retail liquor dealer for the ensuing year, with the payment of a tax thereon, is admissible on a trial for selling liquor contrary to law within that time, for the purpose of showing an intention to sell, both under a count for an actual sale and under one for keeping liquors with intent to sell.

Proof of a sale of intoxicating liquors will support a conviction for keeping the same liquors with intent to sell, where it satisfies the jury of such keeping and intent.

INFORMATION for selling and keeping for sale intoxicating liquors; in the Superior Court in Hartford County.

The information contained two counts, the first of which charged that the defendant, at Farmington in Hartford County, "did, on the 26th day of May, 1881, unlawfully sell and exchange, and offer and expose for sale and exchange, to one George H. Fuller, certain intoxicating liquors, without a license therefor, and without having been appointed an agent of said town to sell spirituous and intoxicating liquors; against the peace and contrary to the form of the statute in such case made and provided." The second count charged that "on the 26th day of May, 1881, at said Farmington, the defendant did unlawfully own and keep with intent to sell and exchange, certain intoxicating liquors, without a license therefor and without having been appointed an agent of said town to sell spirituous and intoxicating liquors; against the peace and contrary to the form of the statute in such case made and provided."

The defendant demurred to both counts of the information as insufficient, assigning as cause of demurrer to the first count that it charged two separate and distinct offenses. The demurrer was overruled, and the defendant pleaded not guilty, and on this plea the case was tried to the jury before *Pardee, J.*

Upon the trial the State's Attorney offered, as a part of his case in chief, the testimony of one W. W. House, who testified that he was deputy collector of United States internal revenue for this district, and that one M. M. Teahan, of Unionville, (within the town of Farmington,) on the 13th day of May, 1881, had paid twenty-five dollars as special United States tax, for the year beginning May 1st, 1881, upon the business of a retail liquor dealer, in pursuance of the written return required by law, dated April 25th, 1881, declaring her intention of carrying on the business of a retail liquor dealer and dealer in tobacco. The defendant objected to the admission of testimony as to the payment of the tax, on the ground that it was irrelevant, but the court admitted it. No specific objection was made on the ground that the defendant was not identified as the person paying the tax. He then introduced the return showing the payment of the twenty-five dollars liquor tax, and also a five dollar tax as seller of tobacco. To the admission of this return the defendant objected, but the court admitted it.

The State's Attorney also called as witnesses George H. Fuller, Asel H. Woodruff, Solon Alger, Henry Amidon, and Frederick Bowers, each of whom testified that he had bought intoxicating liquor from the defendant at her dwelling-house in Unionville, and that he knew, when he bought it, that it was sold without a license. After each of these witnesses had been sworn, and before he testified, the defendant's counsel submitted to the court the following written request, upon which, in each case, the court refused to take any action :—

" The defendant, by her counsel, requests the court to instruct the witness that he may decline to answer any questions of such a character that his answers thereto may tend to criminate himself; and that he may, therefore, decline to answer any questions of such a character that his answers thereto may tend to show that, at any time within the past twelve months, he has purchased intoxicating liquors from any person in this state who did not, at

the time of such purchase, have a license to sell such intoxicating liquor; provided that the witness knew, at the time of such purchase, that the person from whom he purchased did not have such license. It is not claimed that it is the privilege of the defendant to object to the answering of such questions. The only claim is that the court should instruct the witness that he has that privilege."

The State's Attorney having inquired of the witness Alger whether he had bought intoxicating liquor from the defendant, the witness said, " Do you wish me to answer 'that?" The court made no reply to this question, but the Attorney said, "Yes, I suppose so." The witness then answered the question in the affirmative. Being called upon by the State's Attorney to state more particularly as to the times when he had made the purchases referred to, the witness again asked whether he was obliged to answer. The defendant's counsel called the attention of the court to the objection of the witness, but the court instructed the witness that he was obliged to answer the question; to which ruling the defendant excepted.

The defendant claimed that the witnesses who had testified as to sales made to them were not corroborated, and therefore claimed, and requested the court to charge the jury in writing, as follows :—" A person who purchases intoxicating liquor from one who, at the time of such purchase, has no license for the sale of intoxicating liquor, that fact being known to the purchaser at the time of such purchase, is himself guilty of a criminal offense, and the jury are advised not to convict upon his testimony unless it is corroborated by other testimony, showing not merely that a crime has been committed but that the accused participated in it."

But the court refused to charge as requested upon this point and instructed the jury as follows :—" The jury may convict upon the uncorroborated testimony of the person who bought the liquor knowing that the seller had no license, if that testimony satisfies each juror beyond any reasonable doubt of the guilt of the accused, the jury weighing the evidence with care and caution and giving

due consideration to all proven circumstances and conditions."

The defendant claimed, and requested the court to charge the jury in writing, as follows:—"Proof of sales of intoxicating liquor by the defendant, without proof that other liquor than that sold was owned or kept by her, will not warrant a conviction under the second count. Proof of the sale of certain liquor is admissible only as tending to show the intent with which other liquor was owned or kept, if such other liquor was owned or kept."

But the court refused to charge as requested upon this point, and instructed the jury as follows:—"Proof of a sale of intoxicating liquor will support a conviction upon the second count, if such sale is not made the basis of the charge contained in, or of a conviction under, the first count, if such proof satisfies each juror beyond any reasonable doubt that the accused kept intoxicating liquor for sale as therein charged."

The jury returned a verdict of guilty on both counts of the information, and the court imposed a fine of sixty dollars on each count. The defendant moved for a new trial for error in the rulings and charge of the court, and also filed a motion in error, assigning as error the overruling of the demurrer to the information and the imposition of a fine on each count.

*W. W. Perry*, in support of the motions.

1. The first count was bad for duplicity, because it charged two distinct offenses, the unlawful *selling* and the unlawful *exchanging* of the same liquor to the same person. A sale and exchange are at common law as radically different as a sale and a gift. An exchange or barter is always for goods; a sale is of goods for money, or for money and goods. In a sale there is a fixed price; in an exchange or barter there is not. Bouvier Law Dict. *Exchange* and *Barter*. The courts of other states have held that proof of an exchange will not support an allegation of a sale. *Gunter* v. *Leckey*, 30 Ala., 591; *Stevenson* v. *The State*, 65

State v. Teahan.

Ind., 409; *Massey* v. *The State*, 12 Reporter, 361. And it has been held that a sale and a gift are distinct offenses. *Humpeler* v. *The People*, 92 Ill., 400. It is not like an allegation of selling and offering for sale, as they may be parts of one transaction, and represent successive stages in the same offense. "The accused has a right to know, before trial, the *exact single offense* for which he is to be tried." *Smith* v. *The State*, 19 Conn., 500.

2. The second count is bad for uncertainty. An averment of the kind and quantity of intoxicating liquor said to have been owned and kept, or of some other identifying circumstance, was necessary, both to inform the accused of the crime he was charged with and to insure reasonable protection against further prosecution. It is not always sufficient to charge an offense in the words of the statute creating it. *State* v. *Lockbaum*, 38 Conn., 400; *State* v. *Jackson*, 39 id., 229. It is settled by a strong preponderance of authority that in a charge for selling liquor the name of the vendee must be alleged. Bishop on Stat. Crimes, § 1037, and notes; *Commonwealth* v. *Thurlow*, 24 Pick., 379; *Capritz* v. *The State*, 1 Maryl., 574; *State* v. *Allen*, 32 Iowa, 491; *State* v. *Steedman*, 8 Rich. Law., 312; *State* v. *Schmail*, 25 Minn., 368.

3. The court erred in rendering a double judgment on a single information. *People ex rel. Tweed* v. *Liscomb*, 60 N. York, 559, 580.

4. The court erred in refusing to instruct the witness that he might decline to answer any question as to his having purchased liquor of the defendant, knowing her not to have a license, because such answer would tend to criminate himself as aiding and abetting in her crime, and in compelling him to answer such question; and in refusing to charge the jury that a person who buys intoxicating liquor, knowing it to be sold in violation of law, is himself guilty of a criminal offense. The statute provides that "every person who shall assist, abet, counsel, cause, hire or command another, to commit *any offense*, may be prosecuted and punished as if he were the principal offender." Gen. Statutes,

p. 545, sec. 3. "The express prohibition to sell, upon every just principle of construction, must be considered as implying a prohibition to purchase. The purchaser, whether we regard his intent, or the effect and consequences of his act, is no less guilty, no less within the mischief intended to be suppressed, than the seller." *State* v. *Bonner*, 2 Head (Tenn.,) 135.

5. The evidence of the payment of the United States tax for selling liquors was irrelevant, and the court erred in admitting it. It did not tend to prove the sale to Fuller, charged in the first count. Proof of another sale, or a habit of selling, would have tended to prove this just as much. Nor did it tend to show a sale of liquors, as charged in the second count, in violation of law. To show that a particular act charged was done with intent to violate the law, or with guilty knowledge, other acts and admissions of the accused may be shown, but they must be of such a character as to show the criminal intent or guilty knowledge clearly and unequivocally. *Coleman* v. *The People*, 55 N. York, 92; *Stalker* v. *The State*, 9 Conn., 341. The intent to be inferred from the payment of the United States tax was an intent to sell lawfully. It is certainly strange logic to say that compliance with one law indicates an intent to violate another. It is distinctly held in an Iowa case that the procuring of a United States license is not a circumstance tending to show, or affording any presumption of, a criminal act. *State* v. *Stutz*, 20 Iowa, 488.

6. The court erred in charging the jury that proof of a sale of intoxicating liquor would support the charge in the second count of owning and keeping the liquor thus sold with intent to sell, and in refusing to charge that there must be distinct proof of the owning and keeping. *Commonwealth* v. *Shepard*, 1 Allen, 581; *State* v. *Riggs*, 39 Conn., 498; *State* v. *Raymond*, 24 id., 204; *Williams* v. *Tappan*, 23 N. Hamp., 385, 394. A person may have been guilty of a sale under the statute who never owned or kept the liquor sold, as for instance a servant, or even a trespasser. *State* v. *Wadsworth*, 30 Conn., 58; Bishop on Stat. Crimes, § 1024.

*W. Hamersley*, State's Attorney, contra.

CARPENTER, J.   The motion in error presents three questions.

1.   The first count in the information charges that the defendant did unlawfully "sell and exchange and offer and expose for sale and exchange, to one George H. Fuller, certain intoxicating liquors, without a license therefor, &c." The defendant demurred for duplicity, and the demurrer was overruled.

It is quite evident from the well-considered cases of *Barnes* v. *The State*, 20 Conn., 232, and *State* v. *Burns*, 44 Conn., 149, that the count is not bad for duplicity.   It is unnecessary to repeat the reasons on which those decisions rest.   It is attempted however to distinguish this case from them by suggesting that a sale and exchange are essentially different transactions, and cannot be regarded as successive stages of the same transaction.   Admitting this to be so to some extent, still it fails to establish the fact that two offenses are here charged.   The intention of the legislature is plain, which is to prevent the disposition of liquor for a consideration.   Hence an exchange, as well as a sale, is in terms prohibited.   The intention of the pleader is equally plain—to charge one transaction and one only.   There is but one time and one place, and we think it was intended to charge but one act; but whether that act was a sale for cash or a sale in a broader sense by way of an exchange, the pleader not knowing alleged that it was both, so that proof of either would sustain the charge.

2.   The second count charges the defendant with keeping intoxicating liquors with intent to sell contrary to law. That count is demurred to, claiming that it is bad for uncertainty, because the kind and quantity of liquor are not stated.

The information follows the language of the statute and clearly describes the precise act which the statute declares to be an offense.   The statute does not require any particular kind or quantity of liquor; any quantity of any kind of

spirituous·or intoxicating liquors is sufficient, provided the jury are satisfied of the existence of the intent to sell. The term spirituous liquors or intoxicating liquors has a well understood meaning. Even as defined and enlarged by statute it embraces not a large number of liquids, and if all were enumerated they might be brought within the compass of an ordinary information. If that was done the defendant would have no more information than she now has; while if the information specifies one or two kinds the effect will be to limit the proof and might needlessly embarrass the administration of justice.

We cannot see that the defendant has suffered any hardship, or that sustaining this count will be likely to lead to any practical inconvenience.

3. Another error assigned is, that the court erred in sentencing the accused to pay a fine on each count in the information. It has for a long time been the practice in this state to try the accused for two or more misdemeanors or minor offenses charged in separate counts in the same information, and this practice has received the sanction of this court. 2 Swift's Digest, 408; *Barnes* v. *The State*, 19. Conn., 398.

We find no error in the record.

Several questions are also presented by the motion for a new trial.

1. The defendant's counsel requested the court to instruct certain witnesses who had purchased liquor of the defendant, and who were offered by the state to prove that fact, that they were not bound to testify to the purchase of liquor provided they knew at the time that the defendant had no license. The court disregarded this request and required the witnesses to testify. The counsel then claimed that such witnesses were accomplices, and requested the court to advise the jury not to convict upon their uncorroborated testimony. That request was refused.

These two points present the same question—whether he who knowingly purchases liquor of one unauthorized to · sell is himself guilty of a criminal offense. This question

now comes before this court for the first time. It has been decided in the negative in Massachusetts. *Commonwealth* v. *Willard*, 22 Pick., 476; *Commonwealth* v. *Kimball*, 24 Pick., 366. And in the affirmative in Tennessee. *Steele* v. *Bonner*, 2 Head, 135. The weight of authority is in the negative. The fact that the question has not before been raised in this state is an indication that the almost universal sentiment of the profession is that the purchaser is guilty of no offense—a fact of no little significance in determining such a question.

It is insisted however that the statute (Gen. Statutes, p. 545, sec. 3,) which provides that " every person who shall assist, abet, counsel, cause, hire, or command another to commit any offense, may be prosecuted and punished as if he were the principal offender," governs this case; it being contended that the person who purchases the liquor, induces the seller to commit the crime of selling it, and so aids and abets him in the commission of the offense.

But we are satisfied that the purchaser is not an abettor of the offense within the meaning of the statute. The " abetting " intended by it is a positive act in aid of the commission of the offense — a force, physical or moral, joined with that of the perpetrator in producing it. This is clear from the context, where abetting is classed with " assisting," " causing," " hiring," and " commanding." The abettor, within the meaning of the statute, must stand in the same relation to the crime as the criminal—approach it from the same direction, touch it at the same point. This is not the case with the purchaser of liquor. His approach to the crime is from the other side; he touches it at wholly another point. It is somewhat like the case of a man who provokes or challenges another to fight with him. If the other knocks him down, he has induced, but in no proper sense abetted, this act of violence. He has not contributed any force to its production. He touches the offense wholly on the other side. The purchaser of liquor, by his offer to buy, induces the seller of the liquor to make the sale; but he can not be said to " assist " him in it. The whole force,

moral or physical, that went to the production of the crime as such, was the seller's.

2.   The State offered to prove that on the 25th day of April, 1881, the defendant made a written return, as required by the United States statute, declaring her intention to carry on the business of a retail liquor dealer for the year commencing May 1st, 1881, and that shortly after she paid the tax required upon that business.   This testimony was objected to and admitted.

Of course the evidence did not of itself prove the offense charged in the first count.   But it did tend to prove an intention to carry on the business during the coming year; and that intention, especially if the jury were satisfied that it continued to the time of the alleged sale, they might well consider in determining whether there was an actual sale; not that it proved the unlawfulness of the sale—for that must be proved by other evidence—but it did tend to prove the act of selling; and that was a fact incumbent upon the State to prove.

We also think it was clearly admissible under the second count.   The offense there charged required proof of three things—possession of the liquors, an intent to sell, and the want of a license.   These three combined constituted the offense.   Two of them, possession and no license, were susceptible of direct proof; the other, an intent to sell, must ordinarily be proved by circumstantial evidence.   Any circumstance that tended to prove such an intention was admissible.   A declaration by the accused that she intended to sell was clearly admissible.   Conforming to the United States statute by making return and paying a tax for the privilege of selling was equivalent to such a declaration. It matters not that the transaction did not show that the intended sales would be unlawful.   It was enough if it tended to show an intent to sell.   The illegality of the intended sales was another matter to be shown by other evidence—the evidence that she was not duly authorized to sell.

This question came before the Supreme Court of Ver-

mont in *State* v. *Intoxicating Liquors*, 44 Vt., 208. The court says:—"No question is made but that the fact of such payment, if properly proved, would be proper evidence tending to show that the claimant had procured the liquors in question for the purpose of retailing them. And no such question could be successfully made; for the fact that a person put himself to the expense of a license as a retail dealer in liquors would be quite pertinent to show that he did so for the purpose of that avocation, intending to pursue it."

The same question was decided in the same way in *State* v. *Wiggin*, 72 Maine, 425. See also *State* v. *Gorham*, 65 Maine, 270.

3. The only remaining question relates to the effect of a sale or sales proved as evidence under the second count. In behalf of the defense the court was requested to charge the jury that "proof of sales of intoxicating liquor by the defendant, without proof that other liquor than that sold was owned or kept by her, will not warrant a conviction under the second count. Proof of the sale of certain liquor is admissible only as tending to show the intent with which other liquor was owned or kept, if such other liquor was owned or kept." The court did not so charge, but charged that "proof of a sale of intoxicating liquor will support a conviction upon the second count, if such sale is not made the basis of the charge contained in, or of a conviction under, the first count, if such proof satisfies each juror beyond any reasonable doubt that the accused kept intoxicating liquor for sale as therein charged."

The point of the request seems to be, that proof of sales was not evidence that the defendant owned and kept that identical liquor with intent to sell. We think the court properly refused thus to limit the effect of the proof. It certainly did tend to evince an intent to sell that liquor; and also the fact that the defendant owned and kept it. The court however was careful to leave it for the jury to determine its weight and to guard against the possibility of punishing the defendant twice for the same act. The

evidence being thus guarded and limited, we think the defendant has no cause of complaint.

A new trial is not advised, and there is no error in the record.

In this opinion the other judges concurred; except PARK, C. J., who dissented as to the admissibility of the return to the United States collector of internal revenue.