THE STATE OF CONNECTICUT *vs.* JACOB LEVY.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and NICKERSON, Js.

Section 6716 of the General Statutes merely perpetuates in simplified form purified of technical distinctions and procedural niceties, the ancient principle that one who participates in the commission of any offense, common-law or statutory, is liable to the same punishment as the principal offender.

A penal statute is not to be enlarged beyond its literal content for the purpose of more effectually suppressing the mischief at which it is directed; nor, on the other hand, is it to be narrowed by hypercritical construction to the point of crippling the plainly expressed intent of the legislature.

The accused, who through a corps of drivers and a fleet of motor-trucks, directed and supervised, without actually taking part in, the unlawful transportation of large quantities of intoxicating liquors, was charged with and convicted of violating § 8 of Chapter 291 of the Public Acts of 1921, upon the theory that, under § 6716, his conduct as an accessory subjected him to the liability of a principal offender. It was his contention that the definition in § 8 of one who accompanies a vehicle engaged in the unlawful transportation of liquor as an accessory, was intended by the General Assembly as excluding all other participants in that particular crime from punishment as accessories and that, therefore, the general provisions of § 6716 did not warrant his conviction. *Held* that this claim was without merit.

The provision of § 8 that "every person accompanying such vehicle *may* be prosecuted and punished as an accessory" is permissive, not mandatory; and it clearly refers only to one who has knowledge of the unlawful purpose in which the vehicle is engaged.

Evidence that beer had been transported from the accused's garage before and after the dates of the offenses charged in the information, and that certain deposit slips, introduced as exhibits, represented payments made at different times by him to one of his drivers as compensation for illegal services, was admissible to show guilty knowledge and as corroborative of the more direct evidence connecting the accused with the specific crimes alleged.

It is within the discretion of the trial court to permit the State, after it has rested, to reopen its case for the introduction of further testimony.

The State *v.* Levy.

The accused had no cause for complaint in the fact that after the beer in question had been seized, it was destroyed before he had an opportunity to secure a chemical analysis; nor was the trial court bound to charge the jury, as requested by the accused, that the analysis made by the State's experts without notice to him should be received with caution, or that it was incumbent upon such experts to use the most complete and accurate method known to the present state of the science of chemistry, the full duty of the trial court being fulfilled in its instruction that the alcoholic content of the beer was a question of fact to be determined from all the evidence, including the expert testimony.

It was proved without objection that certain of the accused's drivers had been convicted of the crime of unlawfully transporting intoxicating liquor. *Held* that the trial court properly refused to charge the jury that they could draw no inference from such convictions unfavorable to the accused.

The accused was not entitled to an instruction that unless the testimony of his accomplices was corroborated, he must be acquitted.

In its charge concerning accomplice-testimony, the trial court properly pointed out that the drivers, who testified against the accused, had been convicted and already punished for their participation in the crimes.

The trial court did not exceed the bounds of permissible comment upon the evidence when it called the jury's attention to the fact that certain testimony had been introduced which, if believed, corroborated that of the drivers.

The correctness of a charge cannot be tested by chance phrases or occasional excerpts; the entire context must be considered.

The State's analysis of the beer showed that the various truckloads contained from five to twelve times the lawful alcoholic content. *Held* that the trial court properly charged that slight inaccuracies in the analyses were of no material consequence.

If the punishment imposed by the trial court is within the limits fixed by statute, this court has no jurisdiction to hear complaints as to its extent or severity.

Argued June 9th—decided July 30th, 1925.

INFORMATION in seven counts charging the accused with illegally transporting spirituous and intoxicating liquors, brought to the Superior Court in Fairfield County and tried to the jury before *Maltbie, J.;* verdict and judgment of guilty on each count, and appeal by the accused. *No error.*

*Henry Greenstein,* with whom was *Harry Schwartz,* for the appellant (the accused).

*William H. Comley,* State's Attorney, with whom, on the brief, was *E. Earle Garlick,* Assistant State's Attorney, for the appellee (the State).

BEACH, J.   The appellant was convicted of seven separate acts of transporting by vehicle spirituous and intoxicating liquor described as beer by motortruck, for the purpose of sale or exchange, in violation of § 8 of Chapter 291 of the Public Acts of 1921; the information being in seven counts and the accused found guilty under each count.

The State did not claim that the accused himself drove or accompanied any truckload of beer, but claimed that the accused hired several trucks and five drivers—each of whom had been convicted, and two of them twice convicted, of unlawful transportation of liquor, before the accused was tried; that he rented a garage in which the several trucks were kept and loaded; installed a bottling plant therein; directed the departure of the loaded trucks, always after midnight, and the destination and disposition of the several truckloads of beer; and that the accused was liable to prosecution and punishment as if he were the principal offender, under § 6716 of the General Statutes, which reads as follows: "ACCESSORIES.   Every person who shall assist, abet, counsel, cause, hire or command another to commit any offense may be prosecuted and punished as if he were the principal offender."

The appellant's claim is that under § 8 of the Act of 1921, no person can be convicted of unlawful transportation of liquor unless he is physically present either as driver or operator of the vehicle, or accom-

panying the vehicle. This claim is presented in various forms by reasons of appeal numbers one to six, fifteen to eighteen, twenty-five and thirty. These reasons of appeal relate to rulings on evidence, alleged error in the charge, and in the construction of the statutes, and errors in denying a motion to dismiss the information and a motion to set aside the verdict. These reasons of appeal all turn on the construction which the appellant attempts to put on the Act of 1921 and on § 6716, and are considered together in the discussion of that question.

It is contended that the Act of 1921, being a penal statute, must be strictly construed, and in the sense that it cannot be enlarged by construction to cover a case not within its literal terms, that is true. Nor can its terms be enlarged by construction for the purpose of more effectually suppressing the mischief at which it is directed. On the other hand, courts do not approach the construction of a penal statute creating a new offense against the State with the hostile purpose of crippling a legislative intent plainly expressed.

Coming to the point in controversy, the appellant asks us to construe the words in the Act of 1921—"and every person accompanying any such vehicle or boat in which such spirituous and intoxicating liquors are so transported, without such permit, may be prosecuted and punished as an accessory"—as a definition of punishable accessories to the new offense, which excludes all other participants therein from punishment as accessories on the principle *expressio unius est exclusio alterius.*

In the first place, the clause in question is not mandatory. It does not say that every one accompanying is an accessory and punishable as such. Therefore it does not define accompanying persons as *ipso facto* accessories. It says they may be punished

as such; and the context will not permit the word "may" to be construed as "shall," as claimed in argument.

It would not be a strict construction of the Act, but a most unreasonable enlargement of its penal effect, to interpret it as meaning that a bystander who accepted an invitation to ride in a vehicle not knowing that intoxicating liquors were concealed therein was thereby converted into a participant in the offense of unlawful transportation.

The word "accessory" has a recognized significance in the criminal law, which must be assigned to it in the Act in question. Section 6716 defines an accessory in terms which have been quoted, and in that respect, as will be more fully pointed out, it is declaratory of the common law. The statute has been construed as requiring the lending of intentional assistance in the planning or commission of the crime—"a positive act in aid of the commission of the offense." *State* v. *Teahan,* 50 Conn. 92, 101;—"a sort of partnership in purpose and conduct." *State* v. *Ennano,* 96 Conn. 420, 425, 114 Atl. 386. As to the common law, see 2 Swift's Digest, pp. 365, 368. And when the Act of 1921 says that "every person accompanying such vehicle . . . may be prosecuted and punished as an accessory," it plainly means that persons who accompany a vehicle engaged in the unlawful transportation of intoxicating liquor, knowing that the vehicle is so engaged, may be so punished. In that respect the Act enlarges, rather than limits, the class of persons who may be punished as accessories. This is permissible, for, as we said in *State* v. *Scott,* 80 Conn. 317, 324, 68 Atl. 258: "It is manifest that the nature of the assistance which will render one liable as a party to a particular offense must depend largely on the nature of that offense;" and the presence of one or

more pseudo passengers in a vehicle engaged in the unlawful transportation of liquor may doubtless assist in disguising the real character of the expedition.

As to § 6716, the appellant's principal claim is that it applies only to persons who assist in the commission of common-law, as distinguished from statutory offenses, or at most only to assistants in offenses which were recognized when the statute was enacted, that is to say, in 1821; and *State* v. *Rand,* 51 N. H. 361, is cited, but the point decided was merely that a witness, asked whether he bought liquor from an accused charged with unlawfully selling it, could not refuse to testify on the ground that his answer might incriminate him. In so holding the court pointed out that the New Hampshire statute, very like § 6716, was passed to remedy the procedural difficulties which surrounded the prosecution of accessories in felonies at the common law, and said: "So far as the statute declares aiders and procurers criminals, it is . . . only a re-enactment of the common law." And since at the common law the buyer of liquor sold was not punishable as an accessory, the statute did not make him liable. There are other cases to the same effect. *Commonwealth* v. *Willard,* 39 Mass. (22 Pick.) 476; *State* v. *Teahan,* 50 Conn. 92.

In *State* v. *Scott,* 80 Conn. 317, 68 Atl. 258, at pp. 322 and 323, the background of statutes similar to § 6716 is painted in more detail. It is there pointed out that at the common law all persons concerned in the commission of "any offense" were liable to the same punishment as the principal offender; that accessories in felonies, except treason, could not be prosecuted until after the conviction of the principal offender, and were classified according to their relation to the crime as accessories before, at and after the act; while accessories in lesser offenses could be prosecuted

as principals at any time. "This complicated system of nicely technical distinctions," it is said, was long ago abolished by statute here and in England. "Now all persons concerned in the accomplishment of any offense (unless otherwise specially provided) may be indicted, prosecuted and punished in the same manner as principals in that offense were formerly proceeded against."

The principle of the common law, that all participants in any offense are liable to the same punishment as the principal offender, is necessary to the administration of justice in the criminal law, and was of general application to statutory as well as common-law offenses. 2 Swift's Digest, p. 366.

We need not pursue the subject further. It is idle to say that a statute declaratory of a general principle of the common law, except that it simplifies the procedure in one class of cases (to which it happens that the case at bar does not belong), does not look to the continuance of that general principle in the future. None of the cases cited support the contrary contention here made for the first time, so far as appears. Besides, § 6716 expressly includes "every person" and "any offense" and is incapable of any other construction.

Reasons of appeal seven to thirteen and twenty-one relate in one way or another to the admissibility of testimony, and to the charge of the court concerning it, which tended to show that beer was transported from the garage rented by the accused, before and after the dates named in the information, and while the garage was in his possession and control as tenant. The testimony was that of the truck drivers employed by the accused. One of them also testified that eighteen deposit slips introduced in evidence represented payments made to him by the accused for transporting

beer from the garage upon dates including days before and after those named in the information. All this testimony was objected to as remote, irrelevant and immaterial. It was claimed by the State as relevant to show knowledge of the use to which the garage was put, and as corroborative of testimony more directly connecting the accused with the specific acts of transportation from the same garage on days named in the information. We are of opinion that the testimony was plainly admissible.

The fourteenth reason of appeal is that the court erred in permitting the State, after it had rested and after the defense had moved to dismiss on the ground that there was no evidence that the beer in question was made from hops and malt, or hops and barley, to introduce testimony tending to prove that fact. The ruling was within the discretion of the court. *State v. Williams,* 90 Conn. 126, 130, 96 Atl. 370.

As to the nineteenth reason of appeal: The State having proved that the several truck drivers who testified had been already convicted of the offense of unlawfully transporting the several loads of beer described in the information, and having proved that in each the beer had been analyzed and after the conviction destroyed; the defense requested the court to charge the jury that if they found that the beer was so destroyed at a time when reasonable ground existed for believing that the accused was a party to the transactions, without permitting the accused to have the beer analyzed, then their verdict must be for the defendant, on the ground that the State had violated the constitutional rights of the defendant by depriving him of the means of establishing his defense. Appellant's brief does not specify any constitutional right of which the accused claims to have been deprived. Nor does it appear that the defense offered evidence to

prove that at the time of its destruction the State had reasonable ground to believe that the accused was connected with the transaction. The record does not justify any suggestion that the State intentionally or negligently deprived the accused of the means of establishing any claimed defense.

The court declined to charge in the terms requested in reason of appeal twenty, that the evidence of the analyses of the beer, made without notice to or knowledge of the accused, should be received with caution. The court also declined to charge as requested in reason of appeal twenty-one, that the duty of the State experts was to make the fullest and most accurate analysis known to the present state of the science of chemistry. The court was not bound to charge in these terms. And the court did charge the jury that they were not bound to accept the evidence of the State's chemists as accurate, saying: "The expert judgment is never a substitution for the judgment of the jury." It also correctly pointed out that whether the beer in question contained more than one half of one per cent by volume of alcohol, was a question for them to determine from all the evidence in the case, including the expert evidence; and in that connection referred at length to the criticisms made by the experts for the defense on the methods of analysis employed by the State's chemists. In short, the court dealt with such conflict of testimony as existed, in the usual and proper way, and we are unable to see that any further cautionary instructions were called for.

The court also declined to charge in accordance with reason of appeal twenty-two, that the jury should draw no inference from the convictions of drivers of trucks under employment of the accused for unlawful transportation of liquor. The refusal was proper. Evi-

dence of these convictions was received, so far as the record shows, without objection, and was before the jury with all the other evidence in the case for its consideration.

The twenty-third and twenty-fourth reasons of appeal relate to the refusal of the court to charge as requested in regard to the weight to be given to the testimony of accomplices. The request to charge that the jury must acquit unless the testimony of accomplices was corroborated, was properly refused. *State* v. *Carey,* 76 Conn. 342, 56 Atl. 632. In other respects the court did charge substantially as requested, but properly pointed out that the witnesses who participated in the offenses had already paid the penalty for doing so.

In this connection the twenty-eighth reason of appeal is that the court erred in charging: "If you think that corroboration is necessary in regard to these men, then I simply point you to the testimony of the police officers, which, if you believe it, certainly would serve as corroboration which would be sufficient to meet any formal requirements of the law in that regard." This was comment which is in form within the statutory authority of the court, and as the testimony of the police officers is not before us, we cannot say that it was not entirely proper in substance also.

The twenty-sixth, twenty-seventh and twenty-eighth reasons of appeal, grouped together on the brief, refer to portions of the charge which have been referred to in connection with reasons of appeal twenty, twenty-one and twenty-two. The specific criticism here made is that the court erred in minimizing the importance of accurate chemical analysis as disclosing the alcoholic content of the beer transported. There was expert testimony criticising the methods employed by the State's chemists as inaccurate. But no claim of

error in the charge can be based on the assertion that the appellant "proved" that their analyses "were so grossly inaccurate as to render their testimony valueless." That was a question which was left to the jury. They have answered it by their verdict and the answer stands unless the court has laid down some erroneous proposition of law in submitting the question to the jury. The appellant's brief picks out a phrase here and there: "the variations from standard, inaccuracies in tests, are of no material consequence"—"it is not a question of scientific accuracy or result"—"although you find that they (the State's analyses) were not accurate, still there remains the question, are they so inaccurate as to destroy their value." When the context is supplied it appears that the court correctly charged the jury that the real issue as to alcoholic content was whether it exceeded one half of one per cent by volume; that the State's analyses showed an alcoholic content varying, in the different truckloads, from nearly five times to more than twelve times that statutory percentage; and that the court was very properly pointing out that inaccuracies not affecting the real issue were of no material consequence.

The final reason of appeal is that the punishment imposed by the court was cruel and unusual and unwarranted by law and the fine imposed by the court was excessive. Since it is conceded that the term of imprisonment was less than the maximum prescribed by statute, and the fine no larger than the statutory maximum, this reason of appeal presents no question of law. It is simply an appeal for clemency made to a court which has no discretionary jurisdiction in the matter.

Considering the amount of liquor transported, the number of offenses proved, the total period of time involved, the completeness of organization and equip-

Wilcox v. Madison.

ment displayed, and the reasonable inference that the seven convictions covered but a fraction of a practically continuous business, the penalty is not excessive.

There is no error.

In this opinion the other judges concurred.