### Mary King *vs.* George Spencer et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery. Js.

Argued April 8th—decided June 21st, 1932.

*James M. Lynch,* with whom, on the brief, was *J. Gregory Lynch,* for the appellant (plaintiff).

*Patrick Healey,* with whom, on the brief, was *David R. Woodhouse,* for the appellee (defendant Dunn).

BANKS, J. The accident in this case happened on December 24th, 1928; counsel agreed that the so-called "guest statute" had no application to the case. The defendant Spencer was driving southerly on the state highway in Seymour at about ten-thirty p. m., the defendant Crowder was driving northerly, and the defendant Dunn was driving northerly about thirty feet in the rear of Crowder. The plaintiff was a guest in the Dunn car. All three cars were moving at about twenty-five miles an hour. By reason of the failure of Spencer and Crowder each to give the other a fair opportunity to pass, their cars came into collision. As a result of the collision the Spencer car at first was thrown slightly to the right and then turned left toward the east side of the highway, and, traveling in an arc, was driven directly against the left side of the Dunn car, which had moved forward about twenty feet, at a point about a car length back of the spot

where the Crowder and Spencer cars had collided. The Dunn car was equipped with four-wheel service brakes and an emergency brake. The latter was in first class condition. The service brakes taken together had an efficiency of about seventy-five per cent of maximum efficiency, and were in reasonably good condition. The lining on the rear service brakes was sufficient to hold the rear wheels locked while the car was dragged about a quarter of a mile after the accident. Reasonable use of reasonably efficient brakes on the Dunn car would have brought it to a stop in a distance of about forty feet. Brakes powerful enough to have stopped it short of any point where it would be in the path of the Spencer car would have hurled the occupants of the car so violently against the windshield as to cause them serious injury.

One of the allegations of the complaint was that the brakes upon the Dunn car were defective. After the trial, counsel for the defendant Dunn filed a motion for permission to introduce further evidence as to the condition of the brakes, which the court granted, the case was reopened, the brakes brought into court, and the court heard expert evidence as to their condition then, and evidence that they were then in substantially the same condition as at the time of the accident. This action of the court was well within its discretion.

The plaintiff attacks the court's finding that the brakes of the Dunn car were in reasonably good condition and effective, and that, in any event, with reasonable use of reasonably efficient brakes, he could not have stopped his car in time to avoid a collision. She seeks to have these findings stricken out on the ground that there was no evidence to support them, and to have the finding corrected by adding facts set out in the draft-finding which would support contrary conclusions. There was evidence to support

the facts found, and the facts sought to be added to the finding were either immaterial or evidential, or facts which were not admitted and undisputed. The defendant Dunn testified that his brakes were "kind of bad," that he did not put them on and did not know why he didn't, and that if he had had good brakes and had applied them he could have stopped in time to avoid a collision. Incidentally this would seem to furnish some justification for the court's statement in its memorandum, which is made a part of the finding, that he has testified "in an abnormal way possibly indicative of collusion" in an action in which his sweetheart and her mother were suing him, and in which an insurance company was the real defendant in interest. The assignment of error based upon this statement of the trial court is without merit.

The contention upon which the plaintiff mainly relies is that the court was under a legal duty to find the facts in accordance with the testimony of Dunn, and had no right to consider the evidence of other witnesses which contradicted it, upon the ground that the testimony of a party to an action has the force of a judicial admission of the facts so testified to by which he is conclusively bound.

A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it. It may take the shape of a formal stipulation, or may be informal, as where a party upon the witness stand unequivocally concedes a fact for the purpose of the trial. *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 Atl. 144; 5 Wigmore, Evidence (2d Ed.) § 2597. It does not follow that the testimony of a party has invariably, and under all circumstances, the conclusive character of a judicial admission such as to require the court to find in accordance therewith, and contrary to

the actual facts as established by other credible evidence. "Unless it amounts to such a stipulation or waiver as to have the force of a judicial admission, the testimony of a party to a fact is ordinarily no more conclusive upon him than the evidence given by any other witness; and it is the duty of the court or jury to determine the fact not alone from the testimony given by the party but from all the evidence in the case." *Kanopka* v. *Kanopka, supra,* p. 39. Where it is doubtful if the party to the action, whether because of mental impairment or imperfect knowledge of English, comprehends his own testimony, or it is so confused, uncertain or contradictory as not to constitute an unequivocal admission of fact, the court is not precluded from considering the testimony of other witnesses and deciding the case in accordance with the actual facts as they might appear from all the evidence produced. The *Kanopka* case was a negligence action in which the plaintiff testified to facts which it was claimed established her own contributory negligence. Her knowledge of English was limited and her evidence confused, uncertain and in some respects contradictory, and we held that under the circumstances her testimony did not have the force of a judicial admission by which she would be conclusively bound. Where also the testimony of a party relates, not to a fact peculiarly within his own knowledge and as to which he could not be mistaken, but is in the nature of an estimate or opinion as to which he may honestly be mistaken, he does not unequivocally concede that the fact is in accord with the opinion expressed, and there is no injustice in permitting the court to consider the other evidence in the case, and determine from all the evidence what the actual facts are. *Whiteacre* v. *Boston Elevated Ry. Co.,* 241 Mass. 163, 165, 134 N. E. 640; *Hill* v. *West End Street Ry. Co.,* 158 Mass. 458,

459, 33 N. E. 582; *Harlow* v. *Leclair*, 82 N. H. 506, 512, 136 Atl. 128; *Larson, Jr., Co.* v. *Wrigley, Jr., Co.*, 253 Fed. 914, 917; *Mathis* v. *Tutweiler*, 295 Fed. 661; *State ex rel. Fleckenstein* v. *District Court*, 134 Minn. 324, 159 N. W. 755; *Wiley* v. *Rutland R. Co.*, 86 Vt. 504, 86 Atl. 808; *Frost* v. *Los Angeles Ry. Co.*, 165 Cal. 365, 132 Pac. 442; *Cox* v. *Jones* (Ore. 1931) 5 Pac. (2d) 102; 2 Chamberlayne, Evidence, § 1286; 22 Corpus Juris, 422.

Dunn's testimony that if he had had good brakes and had applied them, he could have stopped in time to avoid a collision, was the expression of an opinion as to the condition of his brakes, and as to what would have happened if they had been efficiently applied, with regard to which he might well be honestly mistaken. There was other credible evidence that his brakes were in reasonably good condition, and further that reasonable use of reasonably efficient brakes could not have brought his car to a stop so that it would not have been in the path of the Spencer car. This latter conclusion also finds support in his own testimony as to the speed of his car and its location with respect to the other two cars, and in the undisputed physical facts as to the movements of the three cars involved in the accident. Under these circumstances the court was not bound to give conclusive effect to his testimony that if he had applied his brakes and they had been efficient he could have avoided the collision.

Dunn's testimony that he did not apply his brakes, and did not know why he failed to do so, falls in a somewhat different category. It was an unequivocal concession of a fact peculiarly within his own knowledge, as to which he could not honestly be mistaken. Under ordinary circumstances, testimony of such character would have all the force and effect of a judicial admission by which the party giving it must

stand or fall. *Harlow* v. *Leclair*, 82 N. H. 506, 512, 136 Atl. 128, 50 A. L. R. 973. But here the court has found by reasonable inference that an insurance company was the real defendant in interest. The reason for the rule holding that the party to an action is bound by his own testimony as to facts peculiarly within his own knowledge, is that it would be manifestly unjust to allow him to prevail after he had clearly and unequivocally given sworn testimony destructive of his right of action or defense. Where, as here, it appears that the party giving such testimony is not the real party in interest, the reason for the rule fails and the rule does not apply to his testimony. In such a case it is not unjust to permit the true facts to be shown by other evidence in the case. Furthermore, the undisputed physical facts support the court's conclusion that the reasonable application of efficient brakes would not have enabled Dunn to stop before he came into the path of the Spencer car. His testimony that he failed to apply his brakes, even if it were held to be conclusive as to that fact, was not conclusive upon the question of his negligence since, upon the finding of the court, the failure to apply the brakes was not a proximate cause of the collision.

There is no error.

In this opinion the other judges concurred.