MARY AGNES HAUSER *v.* TOWN OF FAIRFIELD.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued November 16, 1939—decided January 3, 1940.

*Arthur M. Comley,* for the appellant (defendant).

*George N. Finkelstone,* with whom, on the brief, was *Lawrence S. Finkelstone,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff recovered judgment for the injuries suffered by reason of a defect in a street in the defendant town and the defendant has appealed. The street was under repair and the plaintiff was walking along it at night. The issues before us concern only the question of contributory negligence on the part of the plaintiff. After both parties had rested and while the defendant's counsel was arguing to the jury, he stated that no evidence had been offered to show that the plaintiff was free from contributory negligence and that there should have been evidence as to the manner in which she was proceeding and any precautions she had taken. Thereupon the court interrupted and upon counsel for the plaintiff stating that the only evidence as to her conduct was that she was walking, recalled her to the witness stand and she was examined by it and by her own counsel. In the course of the discussion as to the propriety of recalling her as a witness, the court stated that while it recognized that such action would place the defendant in an uncomfortable position, the function of the court was to ascertain the truth, and that if the plaintiff should testify that she groped her way, testimony which the court had it in mind she had given but which counsel told it she had not, still it would be for the jury to determine whether or not she was telling the truth. The plaintiff was present in the courtroom during the discussion and able to hear what was said. On being recalled she stated that she had testified that she was walking slowly or taking her time, and went on to say that she had started very slowly because she knew the road was rough, that she

took short steps, the ordinary steps she took when she walked, and that she was trying to see where she could walk, as it was dark. After the conclusion of her testimony the trial court stated to the jury that the proceeding was very unusual and cautioned them to remember that the testimony given was merely part of the evidence in the case, and that they should weigh carefully the credibility to be accorded her testimony.

Whether or not a trial court will permit further evidence to be offered after the close of testimony in the case is a matter resting within its discretion. *State* v. *Levy*, 103 Conn. 138, 145, 130 Atl. 96; *State* v. *Chapman*, 103 Conn. 453, 479, 130 Atl. 899; *King* v. *Spencer*, 115 Conn. 201, 203, 161 Atl. 103; *State* v. *Swift*, 125 Conn. 399, 405, 6 Atl. (2d) 359. In any ordinary situation if a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided. In such a situation as the one before us, where the weakness of the evidence of a party has been pointed out, as the trial court did in this case in the statement it made, there is danger that the further testimony may be intentionally designed to remedy the defect rather than to put before the trier a truthful statement of fact. This would, however, ordinarily be a matter for the consideration of the jury in weighing the testimony. We cannot hold that in this case the trial court abused its discretion.

In view of the plaintiff's testimony upon being recalled as to the way in which she was walking, the conclusion by the jury that she was in the exercise of due care could not be held to be unreasonable. In-

deed, in the situation of the plaintiff, short of outright testimony that she was walking carefully, testimony offered by her but excluded, it is difficult to see how she could have been much more specific. The motion to set the verdict aside was properly denied. *Wood* v. *Danbury,* 72 Conn. 69, 72, 43 Atl. 554; *Meallady* v. *New London,* 116 Conn. 205, 207, 164 Atl. 391.

There is no error.

In this opinion HINMAN, AVERY and JENNINGS, Js., concurred.

BROWN, J. (dissenting). I agree with the majority that it was within the trial court's discretion to interrupt the argument of defendant's counsel and permit the introduction of the further testimony it deemed necessary to the proper disposition of the case. The rule allowing this is a salutary one. I am unable, however, to agree with the conclusion in the opinion, that the course adopted by the court as shown by the record in this case, constituted a legal exercise of its discretion within the rule. I predicate this conclusion not upon the fact that the court permitted the evidence at the stage of the proceedings which it did, but upon the manner in which this permission was exercised by the court.

It was essential to the plaintiff's case to prove that in walking along the claimed defective street where she fell, she was in the exercise of due care upon her part. The only evidence as to her conduct prior to her fall was that she "walked." Referring to this in argument counsel for the defendant urged, first, that no evidence had been offered in support of the allegation that the plaintiff was free from contributory negligence, and, second, that she should have offered evidence of what precautions she took against falling

and of the manner in which she was proceeding at the time she fell. The total lack of evidence of the manner in which the plaintiff walked, led to the court's proposal to recall her to give such testimony. Overruling the defendant's objection, twice interposed, that since the answer essential had been suggested to the plaintiff it would be extremely prejudicial to it to recall her for this purpose, the court proceeded to do so. Before recalling her, however, the court remarked: "We are here to try to find the truth. Now if the lady goes on the stand and says, well, that she groped her way . . . it is still going to be up to the jury to determine . . . the truth. . . . If the lady was running down the street that night, she ought to be barred from recovery. . . ." Thereupon the plaintiff, who was present throughout, took the stand and testified, in answer to the court's questions, that she was walking "slowly," that she was "taking her time," that she "started very slowly," and that she "took short steps." The court then asked her: "Did you walk with your head up in the air and singing, throwing stones up and down?" This question was followed by the suggestion that thereby it only sought a more intimate account of how she proceeded, and the plaintiff's final answer was: "I was trying to see where I could walk but it was dark."

The record leaves no room for doubt that the argument of the defendant's counsel, followed as it was by the court's comments and questions, made crystal clear that testimony indicating at least some slight exercise of care upon the plaintiff's part in proceeding on this street before she fell, was essential to save her case. That the plaintiff realized this, and, with the help of the court's suggestive questions, arose to the opportunity so afforded, is evident from her answers above recited, as well as from two other of her answers

during the court's examination, that she "was careful because" she "didn't want to fall" and that she "walked carefully," which, though stricken out as "conclusions," were accompanied by no caution to the jury to disregard them. While in my opinion the content of the plaintiff's testimony elicited upon her return to the stand was sufficient to supply the evidence needed to support a verdict in her favor, I cannot agree that the method used by the court to obtain it fell within a proper exercise of its discretion. Not only did it go beyond proper limits in extracting the essential answers from the plaintiff, but what transpired could not but have unfairly impressed the jury with the extent of the care which the plaintiff thus claimed to have exercised, notwithstanding the court's final caution that her further testimony constituted merely a part of the evidence and that it was for them to determine upon all the evidence whether or not the plaintiff was telling the truth.

Laudable as was the court's purpose to have "the case ended on a true set of facts rather than have it ended on the absence of any evidence which was available," the course pursued was not a proper way to attain this desirable result. Had the plaintiff and the jury been excused from the courtroom during the court's colloquy with counsel, and the inquiries of the plaintiff been confined upon her recall to proper questions concerning the manner in which she walked, the desired result could have been accomplished without prejudice to the rights of either party. By the course which the court did adopt, it is my conclusion that the defendant's rights to a fair trial, instead of being "fairly protected" were "invaded." The court's action did not, therefore, fall within the proper exercise of its discretion. *State* v. *Chapman,* 103 Conn. 453, 479, 130 Atl. 899. The defendant having made timely and

repeated objections, and having been duly granted an exception to the entire proceeding as well as to all of the questions propounded therein, did all that was necessary to preserve its rights. Its assignments of error fairly present the issue upon this appeal. I therefore conclude that the court committed prejudicial error, and that the defendant is entitled to a new trial.