[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 16, 1991, the defendant signed an Affidavit of Confession of Judgment in the amount of $32,363.38, in CT Page 1554 the case of U.S. West Financial Services (who assigned the judgment to the plaintiff), against Michael Lauretano. This Confession of Judgment was duly entered and filed in the office of the Clerk of the Supreme Court, New York County on February 28, 1992.
The instant action is a new action, brought by the foreign (New York) judgment creditor. It is an independent action on the New York judgment.
At trial, the plaintiff produced no witnesses, but rested after offering into evidence a certified copy of the Confession of Judgment along with an assignment of the judgment to the plaintiff. The defendant moved to dismiss on the ground that the plaintiff alleged but didn't prove that the judgment was not satisfied. The court reserved decision on that motion.
After the defendant testified and rested, the court informed plaintiff's counsel that it would allow the plaintiff to reopen its case in chief in order to produce evidence of how much of the judgment remained unsatisfied. Based upon that ruling, the parties stipulated that the judgment was unsatisfied to the extent of $24,738.55. In so stipulating, the defendant expressly did not waive his argument that his motion for dismissal should be granted. The court granted the plaintiff's motion to amend Paragraph 2 of the complaint to conform to the proof that the judgment was partially unsatisfied.
The court denies the defendant's motion to dismiss. Although the plaintiff initially rested without proving its allegation that the judgment was wholly unsatisfied, this deficiency was remedied after the court granted the plaintiff's motion to reopen its case in order to produce evidence of how much of the New York judgment was unpaid.
 While the trial court, in the proper instance, has the discretion to permit additional evidence to be introduced before a case is decided; State v. Holmquist, 173 Conn. 140, 152, 376 A.2d 1111, cert. denied, 434 U.S. 906, 98 S.Ct. 306, 54 L.Ed. 193 (1977); Houser v. Fairfield, 126 Conn. 240, 242, CT Page 1555 10 A.2d 689 (1940); to do so, it must reopen the case.
Season-All Industries, Inc. v. R. J. Grosso, Inc.,213 Conn. 486, 493.
This court exercised its discretion in allowing this evidence in order to avoid manifest injustice. The amount unpaid was not really in dispute; the defense was really a liability defense, and in paragraph 2 of the First and Second Special defenses, the defendant admitted in effect that he has not paid the plaintiff all that he agreed to pay and by alleging that "subsequent to the signing of the confession of judgment, the Defendant, in fact, made payments to the Plaintiff and decreased the amount he agreed to pay the plaintiff, thereby," he assumed the burden of showing how much of the amount he agreed to pay the plaintiff was unpaid. See Appuzzo v. Hoer,125 Conn. 196, 203 (1939).
As our Supreme Court has held:
 "Whether or not a trial court will permit further evidence to be offered after the close of testimony in the case is a matter resting within its discretion. State v. Levy, 103 Conn. 138, 145, 130 A. 96; State v. Chapman, 103 Conn. 453, 479, 130 A. 899; King v. Spencer, 115 Conn. 201, 203, 161 A. 103; State v. Swift, 125 Conn. 399, 405, 6 A.2d 359." Hauser v. Fairfield, 126 Conn. 240
242, 10 A.2d 689. In the ordinary situation where "a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided. Ibid.
State v. Holmquist, 173 Conn. 140, 152 (1977).
In a 1994 case this issue was discussed. CT Page 1556
 A trial court is vested with the discretion to allow a party to open its case after that party has rested in order to preserve the fundamental integrity of the trial's truth-finding function. Therefore, unyielding adherence to considerations of procedure, without regard to other facts bearing upon the moving party's request to open its case, is not consistent with the responsibility of the trial court to exercise its discretion in a manner that enhances the likelihood of a fair and informed verdict.
State v. Carter, 228 Conn. 412, 426 (1994). AlthoughCarter is a criminal case, the principle involved is similar. The defendant was present at the trial and clearly would have testified as to what was undisputed; that the plaintiff owed $24,738.55. This court believes that it had the responsibility to intervene under the circumstances in order to avoid an unfair result. This is especially so, because, as stated before, the defendant in paragraph 2 of the First and Second Special Defenses, alleged that he had partially, but not fully paid the note.
Since this is an independent action on the foreign judgment, the defendant may attack collaterally the foreign judgment by establishing facts that would render the foreign judgment void. See Seabord Surety Co. v.Waterbury, Appellate Session of the Superior Court,38 Conn. Sup, 468, 472 (1982).
In order to succeed, a collateral attack must prove a judgment void, not merely voidable.
 Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment. 1 Freeman, op. cit. § 325.
Rathkopf v. Pearson, 148 Conn. 260, 265 (1961).
In the instant case, the defendant has failed to CT Page 1557 prove that the judgment obtained against him in New York by the plaintiff's assignor is void.
Furthermore, the court finds that even if the New York judgment could be attacked on the basis that it was fraudulently obtained, the defendant did not prove that it was obtained by fraud.
Judgment may enter for the plaintiff in the amount of $24,738.55 plus 9% interest from June 15, 1992, the date the last payment on the debt was made, to November 15, 1994, the day of trial.
In awarding interest, the court takes judicial notice of sections 5003 and 5004 of the New York Statutes under Article 50 entitled "Judgments Generally," which provide for interest at the rate of 9% per year from the date of judgment.
RICHARD A. WALSH, J.