[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action seeking money damages for personal injuries allegedly incurred when she was operating a motor vehicle in Hartford and it was struck from behind by a motor vehicle owned by the defendant Town of Manchester (the "Town") and operated by the defendant James Haslam, a Town employee. The Town has moved for summary judgment in its favor, CT Page 14212 contending that Haslam was not acting within the scope of his employment when the collision occurred, but was undertaking an unauthorized personal errand instead.
The plaintiff's claim against the Town is based on General Statute § 7-465, which provides that a town is liable for the conduct of its employees if the employee "was acting in the performance of his duties and within the scope of his employment. . ." In response to requests for admission filed by the Town, Haslam admitted that at the time of the collision, he was not engaged in any business related to his employment with the Town, he was not engaged in any activity which fell within the scope of his employment, he did not have permission from the Town to drive the vehicle to Hartford and he was engaged in a personal matter unrelated to his employment with the Town. Relying on these admissions, the Town contends that there is no genuine issue of material fact with respect to the Town's liability to the plaintiff. The plaintiff contends, however, that the admissions are not sufficient to overcome the statutory presumption of agency as set forth in General Statutes § 52-183
and that the admissions are not judicial admissions but evidentiary admissions which can be contradicted.
A judicial admission is conclusive on the party making the admission. Jones Destruction, Inc. v. Upjohn, 161 Conn. 191,199 (1971). King v. Spencer, 115 Conn. 201, 204 (1932).
 In contrast to answers to interrogatories or in depositions, a party's answers in response to a request for admissions are judicial admissions. . .
C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988), § 6.7.2.
The admissions made by Haslam in responding to the Town's request for admissions are indeed judicial admissions. However, the admissions are not conclusive as to the plaintiff because they are not admissions of the plaintiff. The admissions were made by Haslam, a co-defendant in this action. The admissions are conclusive only as to Haslam, the party making the admissions. The plaintiff is not bound by admissions made by an adversarial party.
The Town's motion for summary judgment is based exclusively on the admissions made by Haslam. The Town did not submit an CT Page 14213 affidavit or other supporting materials. Accordingly, the Town's motion for summary judgment is denied.
VERTEFEUILLE, J.