[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to collect $27,700.00, the balance due on an open account for various plumbing supplies it sold to the defendant. The amount of the debt is stipulated to be $27,700.00. Springfield Plumbing Supply, Inc. is a Massachusetts Corporation.
By way of Special Defense, the defendant claims the protection of Conn. Gen. Stat. Sec. 33-412(a), which provides as follows:
 No foreign corporation transacting business in this state in violation of section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority. Nor shall any action, suit or proceeding be maintained in any court in this state by any successor or assignee of such corporation on any right, claim or demand, arising out of the transaction of business by such corporation in this state, until a certificate of authority has been obtained by such corporation or by a corporation CT Page 10547 which has acquired all or substantially all of its assets.
 Section 33-396(a) provides in relevant part that "no foreign corporation — shall transact business in this state until it has procured a certificate of authority to do so from the secretary of state."
The first issue to determine is whether the plaintiff corporation was transacting business in Connecticut. The evidence shows clearly that it was doing so. Springfield Plumbing maintains a salesman (who happens to live in Connecticut) to solicit business in this state. For a period of time it had two salesman working in Connecticut. It has been soliciting Connecticut business for seventeen (17) years. It maintains an advertisement in a telephone directory for Northern Connecticut with an 800 number for its customers. Its sales to Connecticut companies range from $300,000.00 to $500,000.00 annually, which is 10% to 15% of its total business. According to the testimony of its sales representative, the corporation has been paying some tax to Connecticut for many years — he thinks it might be a sales tax but is not sure of that. Some orders from Connecticut customers are given to the sales representative and some are called in directly to the office in Springfield, Massachusetts. Orders are shipped from the warehouse in Springfield, Massachusetts.
From these facts, the Court finds that the plaintiff was transacting business in Connecticut. Connecticut Tool Manufacturing Company v. Bowsteel Distributors, Inc.,24 Conn. Sup. 290 (1963); The Chemical Specialties Sales Corp. Industry Division v. Basic, Inc., 296 F. Sup. 1106 (1968); Eutectic Corporation v. Curtis Noll Corporation, 342 F. Sup. 761
(1972).
The second issue is whether the plaintiff is jurisdictionally barred from maintaining this action pursuant to Sec. 33-412.
This suit was commenced by service made on the defendant corporation, on August 28, 1989. It was returnable September 5, 1989. At that time the plaintiff had not obtained the certificate of authority to transact business in Connecticut required by Section 33-396. It obtained a certificate of authority on December 6, 1990 and now argues that having done so, it should be permitted to prosecute its suit. The plaintiff's position is that Section 33-412 proscribes a foreign corporation from maintaining (emphasis added) an CT Page 10548 action, and that the word "maintains," if interpreted according to its common usage, means to uphold or continue a lawsuit already begun. Further, it claims that since the statute uses the word "maintain", as opposed to the words "commence" or "bring," the legislature intended to permit a suit to go forward (be "maintained") if a corporation belatedly obtains a certificate of authority.
The plaintiff's argument cannot be squared with the holding of Poly-Pak Corporation of America v. Barrett,1 Conn. App. 99 (1983). In that case, the Appellate Court held that a foreign corporation which did not have a certificate of authority was "not entitled to set the machinery of the Court in operation." The language of Poly-Pak appears to make no distinction between the terms "maintain" and "commence", since setting the machinery of the Court in motion must certainly be the equivalent of commencing a suit.
The language of the Court in Armor Bronze Silver Co. v. Chittick, 221 F. Sup. 505, 511 (1963) leads to the same conclusion. "A consequence of the violation of Section 33-396 is that the offending corporation is barred from the use of the Courts under Section 33-412 of the Connecticut statutes."
Adhering to the precedents established by the above cited cases, this Court finds it is without jurisdiction and dismisses the action.
HON. LAWRENCE KLACZAK SUPERIOR COURT JUDGE