[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUBSTITUTE (NO. 113)
The plaintiff, Sovereign Homes, moves to substitute Charles Sirowitz and Mary Oaks as party plaintiffs. The plaintiff argues that Sirowitz and Oaks are the proper plaintiffs since they hired the defendants to perform work on their premises. The defendants object to the motion to substitute on the ground that Sovereign Homes, a New York corporation, is not authorized to transact business in the State of Connecticut and, therefore, the court lacks subject matter jurisdiction over the action. Also, the defendants argue that even if the court has jurisdiction to hear the motion, the motion should be denied because Sovereign Homes has failed to show that it was mistakenly named as plaintiff.
When the lack of jurisdiction is brought to the court's attention, "cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." BaldwinPiano and Organ Co. v. Blake, 186 Conn. 295, 297, 441 A.2d 183
(1982).
Section 33-412(a) provides that "[n]o foreign corporation transacting business in this state in violation of section 33-396 (which requires registering with the Secretary of CT Page 8938 State) shall be permitted to maintain any action . . . in any court of the state unless such corporation has obtained a certificate of authority." General Statutes § 33-412(a). "The appropriate vehicle by which to implement enforcement of the prohibition of 33-412(a) is a special defense to an action." Boxed BeefDistributors v. Rexton, 7 Conn. App. 555, 558, 509 A.2d 1060
(1986), citing Peters Production, Inc. v. Dawson, 182 Conn. 526,529-30, 438 A.2d 747 (1980). "The issue of the plaintiff's corporate capacity to maintain a suit `is but a voidable defect, waived if not raised by a defendant in a timely manner.'" Tracov. U.S. Fidelity, Superior Court, Judicial District of Waterbury, Docket No. 117638 (March 22, 1994, Sylvester, J.), citing UnitedStates Trust Co. of New York v. DiGhello, 179 Conn. 246, 249,425 A.2d 1287 (1979).
Since the issue of the plaintiff's corporate capacity to sue is a waivable defect, the lack of compliance with General Statutes § 33-412(a) does not affect the court's subject matter jurisdiction over the present action. The court has jurisdiction to hear and decide the motion to substitute.
"`The decision whether to grant a motion for the addition or substitution of a party to legal proceedings rests in the sound discretion of the trial court.'" (Citation omitted.)Wickes Manufacturing Co. v. Currier Electric Co., 25 Conn. App. 751,760, 596 A.2d 1331 (1991), quoting Poly-Pak Corporation ofAmerica v. Barrett, 1 Conn. App. 99, 102, 468 A.2d 1260 (1983). "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted. . . ." General Statutes § 52-109; Practice Book § 101.
In Poly-Pak Corporation of America v. Barrett, supra, the original plaintiff, Carl Whiteford d/b/a Poly-Pak Corporation, sought to add or substitute the corporation as the party plaintiff. Id., 101. The trial court granted the motion to substitute the party plaintiff but denied the motion to add. Id. The defendant moved to dismiss the action on the ground that Poly-Pak was not authorized to conduct business in the State of Connecticut and the trial court granted the motion. Id. The plaintiff appealed the denial of the motion to add. Id. Id. The Appellate Court upheld the trial court's denial, noting that the plaintiff had "failed to show that it mistakenly commenced the CT Page 8939 action by naming the wrong plaintiff." Id.; see also WickesManufacturing Co. v. Currier Electric Co., supra, 25 Conn. App. 760
(substitution of party plaintiff proper where trial court found that the original plaintiff had been mistakenly named).
In the present case, Sovereign Homes moves to substitute Sirowitz and Oaks as plaintiffs, arguing that its present counsel recently discovered that Sirowitz and Oaks were the proper plaintiffs in this action since they hired and paid the defendants for their services. Sovereign Homes has not shown that it was mistakenly named as plaintiff when the action was commenced. It is clear that since the original plaintiff was not mistakenly named, it is within the court's discretion to deny the plaintiff's motion to substitute; therefore, the motion is denied.
WILLIAM J. McGRATH, JUDGE