[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ellis Graphics Corporation, a supplier of CT Page 11369 graphic arts equipment, has applied for a prejudgment remedy seeking to attach the property of the defendant, Admax Corporation. The defendant resists the granting of this application on the basis that the plaintiff, a New Jersey corporation, failed to obtain a certificate of authority from the secretary of the state before commencing this action in July, 1994. The plaintiff conceded that it did not obtain such a certificate until February, 1995, some seven months after the action began.
General Statutes § 33-412(a) provides that a foreign corporation "transacting business in this state" in violation of § 33-396(a) is not permitted to "maintain" a law suit in this state unless it has obtained a certificate of authority. General Statutes § 33-396 states that a foreign corporation may not "transact business" in this state unless it has first procured a certificate of authority from the secretary of the state.
The plaintiff contends that General Statutes § 33-397b(5) exempts it from § 33-396 because it provides that "soliciting or procuring of orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts" does not constitute transacting business in Connecticut.
Whether a foreign corporation is transacting business in this state is a factual question. Peters Production, Inc. v. Dawson,182 Conn. 526, 529, 438 A.2d 747 (1980). An evidentiary hearing was held in this case to determine whether the acts of the plaintiff foreign corporation constitute transacting business in Connecticut. The evidence indicates that in 1994, the year this action was commenced, the plaintiff had gross sales of about four million, $300,000 of which was attributable to sales in Connecticut. The plaintiff has active business relationships with approximately fifteen different customers in this state. It has a full-time sales representative who lives in Westport, and four other salesmen operate in this state as well. The sales representatives meet with customers in Connecticut, and for the most part the equipment purchased by Connecticut customers is shipped directly here from the manufacturer. Contracts between the plaintiff and its Connecticut customers are often finalized in this state by means of the second signature being signed in Connecticut, subject only to credit checks which are evaluated in New Jersey. Accordingly, the evidence indicates that the CT Page 11370 plaintiff was indeed transacting business in this state, and the mere examination of a customer's financial background in New Jersey, before the equipment was shipped pursuant to a contract signed by both parties in this state, does not exempt the plaintiff from the necessity of procuring a certificate of authority.
In any event, as indicated previously, the plaintiff did in fact procure such a certificate during the pendency of this action. The defendant nevertheless has moved to dismiss the application for a prejudgment remedy on subject matter jurisdiction grounds because the plaintiff did not possess a certificate of authority when it commenced the within action. The court is obliged to consider any defenses asserted by the defendant. General Statutes § 52-278d(a). In support of this contention, the defendant cites Gallagher Co. v. City ofMilford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 024680 (May 2, 1991, Fuller, J.), which, citing Poly-Pak Corporation of America v. Barrett, 1 Conn. App. 99,103, 468 A.2d 1260 (1983), held that for the defendant to prevail on its motion for summary judgment "it must be shown that the plaintiff was transacting business in Connecticut when the suit was started and that it had not registered with the secretary of state before commencing the action." The defendant also relies upon Springfield Plumbing Supply, Inc. v. ClintonBuilding Supply, Inc., 7 CSCR 71 (December 16, 1991, Klaczak, J.), which also cites to Poly-Pak, as well as Armor Bronze Silver Co. v. Chittick, 221 F. Sup. 505, 511 (1963), for the proposition that a foreign corporation must have a certificate of authority to transact business at the time it commences an action in order to avoid the dismissal of the action for lack of jurisdiction.
Nevertheless, recent cases indicate that there is indeed a split of authority in the Superior Court: regarding whether the obtaining of a certificate of authority during the pendency of an action cures the failure to obtain such a certificate at the time the action was commenced. In Kraft Foodservice, Inc. v. Fine HostCorp., 14 Conn. L. Rptr. 44, 45 (April 18, 1995, D'Andrea, J.), the court held that Poly-Pak and Armor Bronze, do not support the proposition that a foreign corporation is prohibited from maintaining an action in Connecticut in the event that it obtains a certificate of authority after the action is commenced. The court recognized that in Poly-Pak, the Appellate Court had noted that "the plaintiff could have at any time during the course of CT Page 11371 the trial filed a certificate of authority with the secretary of this state." (Internal quotation marks omitted.) Id., quotingPoly-Pak Corp. v. Barrett, supra, 1 Conn. App. 104. The court further noted that the court in Armor Bronze, upon dismissing the action, recognized that the foreign corporation's right of action was not lost and that it could commence an action upon obtaining the required certificate of authority. Id. The court in KraftFoodservice, then held that "a defect in the plaintiff's capacity to maintain suit which may have existed prior to the plaintiff's acquisition of its certificate of authority is cured by its acquisition of the certificate prior to any action taken by the defendant." Id.
Similarly, in Arrett Sales Corp. v. D'Amore,5 Conn. L. Rptr. 801, 802 (February 4, 1992, Spada, J.), the court, recognizing that the key word in § 33-412 (a) was "maintain," held that a certificate of authority "when applicable is required not in the initiation of a complaint but in its maintenance."
After reviewing these cases, it is this court's opinion that the sounder reasoning favors a denial of the motion to dismiss because General Statute § 33-412(a) provides that a certificate of authority is required to "maintain" or continue to prosecute an action, rather than to commence or initiate an action, thereby indicating that the failure of a foreign corporation to have a certificate at the time it begins an action can be cured by its acquisition of a certificate before judgment is rendered. See Kraft Foodservice, Inc. v. Fine Host Corp.,
supra, 14 Conn. L. Rptr. 45; Arrett Sales Corp. v. D'Amore,
supra, 5 Conn. L. Rptr. 802.
Thus, the defendant's motion to dismiss is denied, and the plaintiff will be given the opportunity to demonstrate probable cause sufficient to warrant the granting of a prejudgment remedy. The application for such a remedy should be reclaimed to the miscellaneous/special proceedings calendar.
Dated at Stamford, Connecticut, this 10th day of October, 1995.
William B. Lewis, Judge CT Page 11372