[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 25, 1996
In this action the plaintiff alleged breaches of agreements for the rental of laundry equipment and purchase of linen inventory and laundry equipment. The defendant moves for summary judgment on its first special defense, that the plaintiff is a foreign corporation transacting business in the state without procuring a certificate of authority pursuant to Section 33-396 of the General Statutes and, therefore, prohibited from maintaining a lawsuit pursuant to Section 33-412 of the General Statutes. Plaintiff admits to being a foreign corporation doing business in this state but argues that it is not acting in violation of the statutes, since it has, subsequent to the initiation of this suit, procured a certificate of authority and therefore, is not prohibited from maintaining this lawsuit. In support of its position that it has procured the certificate, plaintiff has attached as Exhibit B a copy of a letter that purports to be from the Secretary of the State; an exhibit which would not be admissible in court and is equally inappropriate as an exhibit in connection with this motion. Practice Book Section 381.
Even assuming that the plaintiff has, since the initiation of this suit, procured a certificate of authority, plaintiff is barred from maintaining this action pursuant to Section 33-412.
Section 33-412(a) provides in relevant part: "No foreign corporation transacting business in this state in violation of Section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has CT Page 5638 obtained a certificate of authority." Plaintiff argues that "maintain" in this context means "to preserve" or "continue" so that the subsequent obtaining of the certificate satisfied the statute. Defendant argues that the certificate had to be obtained prior to the initiation of the suit to satisfy the statute. This court agrees.
It should be noted at the outset that a foreign corporation would hardly be encouraged to satisfy Section 33-396 if it could avoid compliance while bringing actions in the courts of this state and simply procure the appropriate certificate only if its noncompliance is discovered, without impeding its pending actions. Such an interpretation of Section 33-412 would thwart the purpose of Section 33-396 which is to compel foreign corporations to share the tax burden with domestic corporations and remove the competitive disadvantage that might otherwise result. See Armor Bronze and Silver Co. v. Chittick, 221 F. Sup. 505,511 (D.Conn. 1963).
In describing the proscription of Section 33-412 the Appellate Court, in Poly-Pak Corporation of America v. Barrett,1 Conn. App. 99, 103 (1983), noted that failure to obtain the certificate of authority would result in not being "entitled to set the machinery of the courts in operation . . . (Internal quotation marks omitted; Citations omitted.)" See also Arthur J.Gallagher and Co., New York v. City of Milford, Superior Court, Judicial District of Ansonia/Milford at Milford, No. CV88-024680-S (May 2, 1991); and Springfield Plumbing Supply, Inc. v. ClintonBuilding Supply, Inc., Superior Court, Judicial District of Tolland at Rockville, No. CV89-43066, 5 CONN. L. RPTR. 355 (Dec. 16, 1991). The better reasoned position is that compliance with Section 33-396 must be prior to the initiation of suit.
Accordingly, Defendant's Motion for Summary Judgment is Granted.
FASANO, J.