[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE
This is a foreclosure action in which plaintiff moves to strike special defense in defendant's answer numbered second, third, fourth, fifth and sixth.
The second special defense to the effect that plaintiff does not own the subject note and mortgage raises the jurisdictional issue of standing. Stamford Hospital v. Vega, 236 Conn. 646, 656
(1996). Accordingly, pursuant to Community Collaborative ofBridgeport v. Ganin, 241 Conn. 546, 552-53 (1997) this court held a hearing to dispose of that issue. It found plaintiff established by a fair preponderance of the evidence that plaintiff is the owner and holder of the subject note and mortgage. That special defense, thus, while validly pleaded, has no substantive merit. The court has jurisdiction to turn to the sufficiency of the pleading of the other special defenses.
The third special defense alleges plaintiff failed to give defendant the notice of acceleration of the note required by the mortgage.
"Notices of default and acceleration are controlled by the mortgage documents." (Internal quotation marks omitted.),Connecticut Housing Finance Authority v. John Fitch CourtAssociates, 49 Conn. App. 142, 149, affirmed, 246 Conn. 908, (1998). "It is well established that the exercise of an acceleration clause is proper upon an event of default asprovided for and controlled by the terms of the note and themortgage deed." (Emphasis added.) Id., 150. CT Page 2557
Where the language of the mortgage provision at issue is mandatory, a condition precedent is created which must be satisfied prior to foreclosure. Northeast Savings v. Scherban,47 Conn. App. 225, 227, (1997), cert. denied. 244 Conn. 907, (1998);Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598, 602-603, (1996). The defendants allege that the mortgage term specifically requires notice which "shall" provide a thirty day period. "The use of `shall' in the [mortgage] creates a condition precedent that must be satisfied prior to foreclosure." Northeast Savingsv. Scherban, supra, 47 Conn. App. 227.
"The third special defense goes to the enforcement of the [note and mortgage] because the holder must follow the provision for proper notice before bringing the foreclosure action. . . . Accordingly, the third special defense sufficiently alleges a recognizable defense to the foreclosure action because if the [defendants] can show that the . . . notice was insufficient they can demonstrate that the present foreclosure action was premature." Webster bank v. Eierweiss, Superior Court, Judicial District of New Haven at New Haven, Docket No. 395181 (June 26, 1997, Celotto, J.).
The third special defense is a proper defense to a foreclosure action as it directly relates to the plaintiff's entitlement to enforce the mortgage by instituting foreclosure proceedings. The allegations made in the third special defense which must be taken a true for purposes of ruling on a motion to strike, show that the plaintiff, in failing to satisfy a mandatory condition precedent to a foreclosure action, has no such cause of action. Thus, the defense complies with the Practice Book § 10-50 For these reasons, the motion to strike the third special defense is denied.
The fourth special defense alleges that Eagle Bank asserted ownership of the subject mortgage and note and in October 1997 instituted a foreclosure action against defendant, that plaintiff did not claim ownership of this note and mortgage until seven years after it was assigned to it, that plaintiff's delay in enforcing its rights constitutes laches, and defendant was prejudiced by the delay by being required to defend two foreclosure actions.
Even if it is assumed that special defenses allowed in a foreclosure action are limited to attaching the making, validity or enforcement of the mortgage, Lowall Realty, Ltd. v. Anwood, CT Page 2558 Superior Court, Judicial District of New London at New London, Docket # 527050 (March 1, 1994, Leuba, J.); National Mortgage Co.v. McMaon, 9 CSCR 300 (February 18, 1994, Celotto, J.), laches is an equitable defense addressed to plaintiff enforcing the note and mortgage and consequently allowed in a foreclosure action.Centerbank v. Trendowsky, Superior Court, Judicial District of New Haven at Meriden, Docket No. 0251172 (April 30, 1996, Selbert, J.); Citicorp Mortgage v. Miller, Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. 0326759 (August 14, 1996, West, J.).
The defense is comprised of two elements: (1) unreasonable and inexcusable delay in bringing the suit (2) which is unduly prejudiced to the plaintiff. Cummings v. Tripp, 204 Conn. 67, 88
(1987); Castonguay v. Plourde, 46 Conn. App. 251, 265, cert. den.243 Conn. 93 (1997). Here defendant alleges in its fourth special defense that "Plaintiff does not assert ownership of the Mortgage and Note until over seven (7) years after it is allegedly assigned" and "plaintiff delay in enforcing its rights constitutes laches." These allegations are insufficient for two reasons: (1) while defendant alleges plaintiff delayed asserting ownership of the mortgage and note until seven years after assignment, and delayed enforcing its rights under that assignment, defendant does not allege plaintiff delayed bringing suit after there was a default entitling it to do so; and (2) defendant does not allege the delay was unreasonable and inexcusable. It is well settled that allegations of passage of time is not sufficient. Brook v. Cavanaugh, 1 Conn. App. 138, 140
(1984); Coscina v. Coscina, 24 Conn. App. 190, 194 (1991) Thus defendant has failed sufficiently to allege the defense of laches, and the fourth special defense must be stricken.
The fifth special defenses alleges that the parties entered into a repayment agreement, the defendant made the payments agreed to, plaintiff started this foreclosure action in breach of the agreement and therefore, plaintiff is estopped from enforcing the mortgage. Equitable estoppel is an allowable special defense in a foreclosure action. New South Federal Savings Bank v.Gabriel, Superior Court, Judicial District of Waterbury, Docket # 0121453 (March 23, 1995, McDonald, J.)
The doctrine of equitable estoppel has two elements: "(1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or CT Page 2559 statement of the first that results in loss or injury to the second party." Rosenfield v. Metals Selling Corp. , 229 Conn. 771,793-94 (1994).
Here defendant has alleged in the fifth special defense a repayment agreement between the parties which defendant complied with and, nevertheless, plaintiff initiated this foreclosure action. Those allegations sufficiently state the defense of equitable estoppel. The motion to strike the fifth special defense is denied.
The sixth special defense alleges plaintiff violated its implied duty of good faith by accelerating the note without giving the defendant thirty days prior notice, and breached a repayment agreement between the parties by initiating the action.
The covenant of good faith and fair dealing is implied in every contract. 2 Restatement (Second), Contracts § 205 (1979). It requires faithfulness to an agreed common purpose and consistency with the justified expectations of the parties.Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 566-67 1984. It applies to a variety of contractual relationships, including leases, insurance contracts. id. and notes and mortgagesConnecticut National Bank v. Grella Family Investment Partnership, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 292814 (August 19, 1993, Leheny, J.). It is routinely held to be a proper defense in a foreclosure action. See KnutsonMortgae Corp. v. Williams, Superior Court, Judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.) and cases cited therein.
A breach of the covenant of good faith and fair dealing requires a showing of dishonest purpose. Habetz v. Condon,224 Conn. 231, 237 (1987).
Some cases hold that dishonest purpose must be pleaded. Ryanv. Allstate Indemnity Co., Superior Court, Judicial District of Stamford/Norwalk at Stamford Docket No. 014573 (April 9, 1998, D'Andrea, J.) Others hold allegations must go beyond negligence or breach of contract; they must describe "tortious conduct which is motivated by a dishonest or sinister purpose." Anatra v.Waldo, Superior Court, Judicial District of New Haven at New Haven, Docket No. 0390668, (February 27, 1998, Hartmere. J.)Centerbrook v. Purcell, Superior Court, Judicial District of Litchfield, Docket No. 00710952 (November 26, 1996, Pickett, J.) CT Page 2560
In the sixth special defense, defendant alleges plaintiff breached a mortgage covenant by failing to give prior notice before accelerating the note and breached a repayment agreement between the parties. Since allegation of breach of contract, without more, is insufficient to state a violation of good faith and fair dealing, the motion to strike the sixth special defense is granted.
Based on the foregoing, the second special defense is held, after a hearing, to be disproved, the motion to strike the third and fifth special defenses is denied, the motion to strike the fourth and sixth special defenses is granted.
Robert Satter State Judge Referee