[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #121, #125
The underlying case concerns a foreclosure action brought by the plaintiffs, Roger Saunders, Stuart Kellner and Stanley Gallant (hereinafter collectively referred to as "the plaintiff") against the defendant, Elli Stigers. The plaintiff has filed a motion for summary judgment on the ground that there is no question of fact as to the underlying note securing the mortgage. The defendant has objected to the motion for summary judgment and argues that summary judgment is inappropriate because the plaintiff failed to give proper notice of default and that there are questions of fact concerning the applicability of the Fair Debt Collections Practice Act (FDCPA), 15 U.S.C. § 1692, et seq. Additionally, the defendant has filed her own motion for summary judgment against the plaintiff on the ground that the plaintiff failed to provide notice, as required by the terms contained in the mortgage.
The court will first address the applicability of the FDCPA. CT Page 13780 The defendant argues that the plaintiff is not entitled to a summary judgment because it allegedly violated portions of the federal law. The plaintiff, however, argues that the FDCPA does not apply to it as the plaintiff is trying to collect its own debt and therefore is not a "collector" as defined under the law.
The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "By definition . . . . a creditor collecting its own debt is not a debt collector. The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors." (internal quotation marks omitted.) Connecticut National Bank v.Carbonella, Superior Court, judicial district of Fairfield at Bridgeport, Docket NO. 299477 (August 19, 1993). Furthermore, "the Act expressly does not apply to any officer or employer of a creditor while, in the name of the creditor, collecting debts for such creditor." Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993), aff'd 41 Conn. App. 908, 675 A.2d 10, cert. denied 237 Conn. 929 (1996). See also Citibank v. Twerdahl, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145523 (March 18, 1996).
The FDCPA also does not apply to those who have become creditors by way of assignment, as long as the debt was not in default at the time it was assigned. See 15 U.S.C. § 1692a(F) (iii) (debt collector does not include "[a]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person"). See also Perry v. Stewart Title Co., 756 F.2d 1197, modified on other grounds, 761 F.2d 237 (1985); Kizer v. FinanceAmerica Credit Corp. , 454 F. Sup. 937 (1978).
In the present case, the assignment of the note and mortgage from Lafayette Bank and Trust to the plaintiff was executed on March 29, 1994. Notice of default was sent to the defendant on March 26, 1996, or subsequent to the assignment. According to the March 26, 1996 letter, however, the defendant had failed to pay taxes listed for 1993. As such, it appears that the defendant may have already been in default when the plaintiff came into CT Page 13781 possession of the note.
If the defendant was already in default when the plaintiff came into possession of the note, then a question of fact exists as to whether the plaintiff is within the definition of a debt collector under the FDCPA. Such a question of fact is further complicated when one considers the defendant's arguments concerning the alleged admission of the plaintiff as to how it was in the business of buying non-performing mortgages, and thus maybe further under the auspices of the FDCPA. Kimber v. FederalFinancial Corp. , 668 F. Sup. 1480, 1486 (M.D.Ala. 1987) (defendant was a debt collector because the corporation regularly collects debts and debt collection is its principal purpose, and because the debts the corporation collects were already in default when they were assigned to the corporation); see alsoCirkot v. Diversified Financial Systems, Inc., 839 F. Sup. 941
(1993).
Therefore, it appears that there remain questions of fact that this court cannot resolve on the present motion for summary judgment. The plaintiff's motion for summary judgment, accordingly, is denied.
The court will now address the defendant's motion for summary judgment based on the ground that it failed to receive proper notice of default and acceleration.
"Notices of default and acceleration are controlled by the mortgage documents." (Internal quotation marks omitted.)Connecticut Housing Finance Authority v. John Fitch CourtAssociates, 49 Conn. App. 142, 149, 713 A.2d 900, aff'd,246 Conn. 908 (1998). "It is well established that the exercise of an acceleration clause is proper upon an event of default as provided for and controlled by the terms of the note and the mortgage note." Id., 150. Where the language of the mortgage provision at issue is mandatory, a condition precedent is created which must be satisfied prior to foreclosure. Northeast Savingsv. Scherban, 47 Conn. App. 225, 227, 702 A.2d 659 (1997), cert. denied. 244 Conn. 907, 714 A.2d 2 (1998).
Paragraph nineteen of the mortgage contains the terms and conditions necessary for the holder to accelerate the note. Paragraph 19 states, in pertinent part, that: "The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the CT Page 13782 notice is given to Borrower, by which default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Instrument and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure or sale . . . ."
In support of its summary judgment, the plaintiff has attached a copy of the notice of default sent the defendant. In opposition to the motion for summary judgment and in support of its own motion for summary judgment, the defendant now argues that the plaintiff failed to give proper notice of the default.
Specifically, the defendant argues that the default letter is deficient in that it erroneously claims a default under paragraph two of the mortgage; it erroneously limits the Plaintiff's right to cure to immediate payment of all outstanding tax arrearage to the Town of Orange and to bring the taxes current; and that it fails to specify that failure to pay the outstanding taxes may result in foreclosure of sale of the property.
The court will address each claim in turn.
The defendant's, first argument is that the plaintiff erroneously claimed a default under paragraph two of the mortgage, which provides for escrow payments to the lender. According to the defendant, the plaintiff told the defendant to make tax payments directly to the municipality rather than any escrow payments. Even if true, however, the inclusion of paragraph two in the letter of default does not render that notice deficient. A review of the notice clearly indicates that the defendant is in default for failure to pay real estate taxes as required, in general, by paragraphs two and four of the mortgage. The default letter clearly sets forth the amount due and the origin of this amount. The court, accordingly, finds that the plaintiff specified the default as required by the mortgage.
The defendant's second argument concerning the deficiency of the notice of default concerns the letter's alleged failure to specify all options available to cure the default. Specifically, the defendant claims that, pursuant to paragraph four of the mortgage, the defendant had several options of dealing with any tax problems, including the securing of an agreement from the CT Page 13783 lien holder subordinating the lien to the security instrument. According to the defendant, the plaintiff's notice failed to so advise and is therefore inadequate.
Paragraph four of the mortgage states, in relevant part, that "Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to the Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice."
In the present case, the notice does not specify any of the options pursuant to paragraph four, but rather states that the default can be cured if the defendant "immediately pay[s] all outstanding tax arrearage due . . . and bring[s] the taxes current." The plaintiff argues that such notice is all that is required pursuant to the language of paragraph nineteen.
The court agrees with the plaintiff that the default notice need not contain the alternative options stated in paragraph four. The default notice clearly states that the defendant must make current any outstanding lien payment in order to avoid acceleration. It is worthy to note that, unlike the options stated in paragraph four, bringing the payments current is the only remedy available to the defendant which would immediately reinstate the note. All other options stated in paragraph four trigger an affirmative obligation of the defendant to either contest the lien or reach an agreement with the lienholder in a manner that is agreeable to the noteholder. Thus, while the alternative options under paragraph four exist in the most literal sense, they are subject to the discretion of the borrower and secondary in nature to the lone viable option of actually discharging the delinquent tax payments. In this regard, the court feels that the notice sent by the plaintiff substantially complies with what is required by the terms of the mortgage and CT Page 13784 note. See Midconn Bank v. Mattera, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 461831 (January 16, 1997). Thus, the default notice complied with paragraph nineteen in stating what was required to cure the default in practical terms for both the borrower and lender.
The defendant's final argument concerning the alleged deficiency of the default notice is that the notice fails to specify that failure to pay the delinquent taxes might result in foreclosure or sale of the property as required by paragraph nineteen.
After reviewing the default letter, the court finds the defendant's argument without merit. While the default letter does not specify "foreclosure" or "sale of the property," the default letter does state that "further enforcement proceedings may be instituted" if not paid by April 30, 1996. Moreover, the default letter specifically states that, in the event of acceleration, the plaintiff retains all defenses regarding the acceleration in "any judicial foreclosure of the mortgage." Thus, looking at the language of the default letter, it is apparent that the defendant has been notified of the possibility of foreclosure as required by the mortgage. In this respect, the fact that plaintiff failed to specifically state "foreclosure" or "sale of property" is without consequence. See Berkely Federal Bank Trust, FSB v.Ogalin, 48 Conn. App. 205, 212, 708 A.2d 620 (1998) (failure to state "sale of property" not fatal to default letter); SourceOne Mortgage Services v. Schwartz, Superior Court, judicial district of Middlesex at Middletown, Docket No. 068700 (December 8, 1994) (failure to use "foreclosure" in default letter not improper).
The court, accordingly, finds that the default notice sent by the plaintiff satisfies all required conditions precedent prior to foreclosure. The defendant's motion for summary judgment is, therefore, denied.
The Court
By Curran, J.