[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#109)
In the present action, Paragraph 21 of the mortgage note requires the plaintiff to give the defendants a notice of default prior to acceleration and foreclosure. See Mortgage Deed, ¶ 21(a) 
(d). The language of paragraph 21 provides that the "Lender shall
give notice to the Borrower . . ." Use of the term "shall" in the mortgage deed creates a condition precedent that must be CT Page 2497 satisfied prior to acceleration and foreclosure on the defendants' property. See Northeast Savings v. Scherban, supra,47 Conn. App. 228.
The plaintiff has alleged that it "has provided written notice in accordance with the Note and Mortgage." (Count One, ¶ 6.). In her special defense, Dorothy Parker has asserted that she did not receive sufficient notice, as required by the mortgage deed. The only evidence of written notice, however, is a notice attached to the Complaint. Although Parker's special defense pleads a legal conclusion, it also pleads facts which are consistent with the plaintiff's statements but show, nonetheless, that the plaintiff has no cause of action. See generally, Danburyv. Dana Investment Corp. , supra, 249 Conn. 17.
This court concludes that notices of acceleration and default address the enforceability of a note or mortgage, and that a lack of proper notice is a valid defense to foreclosure. As such, Parker's special defense of insufficient notice is a proper defense to foreclosure as it goes to the enforcement of the note;G.E. Capital Mortgage v. Choinski, supra, Superior Court, Docket No. 068877; and it is properly raised as a special defense because it is based on the mortgage deed itself. See GreatWestern Bank v. McNulty, supra, Superior Court, Docket No. 139799.
Viewing Parker's special defense in a light most favorable to sustaining its legal sufficiency, the plaintiff's motion to strike this defense must fail. See Bhinder v. Sun Company, Inc., supra, 246 Conn. 226. The question of whether GE gave Parker sufficient notice, pursuant to paragraph 21 of the mortgage deed, is a question of fact which cannot properly be determined on a motion to strike.
Accordingly, the plaintiff's motion to strike the defendant's special defense is denied.
Rodriguez, J.