[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
This is an action in three counts for money damages arising from the sale of goods by the plaintiff to the defendants in consideration for a promissory note issued by the defendants to the plaintiffs predecessor in title for the cost of the goods.
The defendants have moved this court to dismiss the action citing the fact that the plaintiffs predecessor in title was an Iowa corporation not authorized to do business in this state.
The plaintiff argued that it was the originator of the contract for the sale of goods to the defendants, that their contract called for payment to be made by promissory note to the CT Page 4124 plaintiffs predecessor in title and that the note was subsequently assigned to the plaintiff
The plaintiff claims that as a result of the facts surrounding this sale of goods this case is distinguishable from cases "wherein an out-of state corporation which could not use the Connecticut courts, used a Connecticut corporation to bring suit to evade the statute."
The defendant maintains that the plaintiff lacks standing to bring suit as provided in Section 33-412(a) of the General Statutes which provides, in relevant part, "a foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." See also Poly-Pak Corp. of America v. Barrett, 1 Conn. App. 99, 103
(1983).
The plaintiff maintains that it is authorized to transact business in this state. In support of that claim it offered Plaintiff's Exhibit 1 — its application for a Certificate of Authority made in February, 1998.
Sec. 33-412(c) of the General Statutes provides that, "A court may stay a proceeding commenced by a foreign corporation . . . until it determines whether the foreign corporation requires a certificate of authority. If it so determines, the court may further stay the proceeding until the foreign corporation . . . obtains the certificate" (Emphasis added). Even if the defendants were correct in their assertion that the plaintiff is a foreign corporation, the statute permits a stay of proceedings rather than a dismissal for lack of standing.
The plaintiff also challenges the defendants' claim that the plaintiffs predecessor in title's standing to bring this action against the defendants was previously decided adversely to the plaintiffs predecessor in title." That ruling was the denial by this court (Gogins, J.) of an application for replevin brought by the predecessor in title. The plaintiff maintains that such a ruling was not a judgment and, consequently, is not a jurisdiction impediment to the commencement of this action by the plaintiff. The court agrees.
If res judicata is intimated by that fact, the cases are clear that "res judicata is not included among the permissible grounds CT Page 4125 on which to base a motion to dismiss." Res judicata "merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687
(1985).
A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the fact of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; [and] (3) improper venue . . ." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 10-31. "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. OldSaybrook 225 Conn. 177, 185, 621 A.2d 1322 (1993).
The plaintiffs also point out that no memorandum of law accompanied the defendants' motion to dismiss, as is required by Practice Rule Sec. 10-31. It is not necessary for the court to address whether an appropriate memorandum of law was filed because the court finds that the motion should be and is hereby denied for the reasons set forth herein above.
Joseph W. Doherty, Judge.