[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff, Chase Manhattan Bank f/k/a Chemical Bank, moves for summary judgment as to liability only against the defendants, Joseph M. Grasso a/k/a Joseph Grasso and Joanne M. Grasso a/k/a Joanne Mercede CT Page 9459 Grasso a/k/a Joanne Grasso on the ground that no issue of material fact exists and that it is entitled to judgment as a matter of law. "It is well established that the exercise of an acceleration clause is proper upon an event of default as provided for and controlled by the terms of the note and the mortgage deed." CHFA v. John Fitch Court AssociatesLtd. Partnership, 49 Conn. App. 142, 150, 713 A.2d 900, cert. denied,247 Conn. 908, 719 A.2d 901 (1998). Moreover, the "use of `shall' in the note creates a condition precedent that must be satisfied prior to foreclosure." Northeast Savings, F.A. v. Scherban, 47 Conn. App. 225,228, 702 A.2d 659 (1997), cert. denied, 244 Conn. 907, 714 A.2d 2
(1998). Here, the mortgage document provides in relevant part: "Lender shall give notice to Borrower prior to acceleration. . . . The notice shall further inform Borrower of the right to reinstate after acceleration. . .". The plaintiff, however, has not submitted any evidence that it informed the defendants of their right to reinstate after acceleration. Consequently, a genuine issue of material fact exists as to whether the plaintiff properly invoked the acceleration clause. Accordingly, the court denies the plaintiff's motion for summary judgment.
RODRIGUEZ, J.